[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs appeal from the ruling by the board of tax review of the Town of Southington wherein it sustained the decision by the assessor setting the valuation of the plaintiffs' real estate, known as 364 Old Turnpike Road, Southington, at $209,580.00 for tax determination.
The plaintiffs contend that the valuation placed on their real estate is grossly excessive, disproportionate and unlawful.
As a preliminary jurisdictional issue the court must determine whether the plaintiffs are aggrieved by the decision of the defendant sustaining the property valuation set by the assessors. CT Page 11042
The court notes that the plaintiffs did not present expert testimony regarding the value of their premises, nor was any testimony presented by the owner who testified as to valuation of the premises. The plaintiff owner did testify, however, to the effect that the premises were adversely affected by the contamination of an adjoining superfund site. Further, that the proximity of the superfund contamination had an adverse effect on plaintiffs' property values; that the defendant failed to consider this in its evaluation and that, the court could take into consideration this unusual and substantial adverse effect on plaintiffs' property.
The court finds that the plaintiff owners of the premises herein described are aggrieved by the defendant's ruling affirming the assessment set by the assessor.
The court, after hearings the testimony presented by the parties' witnesses, reviewing their exhibits and hearing argument by their respective attorney, and using its own background with respect to real estate values, further finds:
That the plaintiffs in pressing this action failed to present testimony by an accredited appraiser as to the true and actual value of their premises. That, on the other hand, the defendant did present such value testimony.
Taking into consideration all the evidence presented and also its own knowledge of real estate valuations and the effects of the local economy on real estate values, the court finds that the plaintiffs failed to sustain their burden to prove that the defendant's valuation of the plaintiffs' premises was not the true and actuation valuation of the premises described herein. Thus, the court finds that the true and actual value of the premises known as 364 Old Turnpike Road, was accurately determined by the defendant assessor.
Based upon the above findings, the court orders that judgment is to enter for the defendants. The court further orders that the defendant may recover its costs from the plaintiffs.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 11043